Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
**CIARDI CIARDI & ASTIN**
1905 Spruce Street,
Philadelphia, PA  19103
aciardi@ciardilaw.com
dsiedman@ciardilaw.com
Telephone: (215) 557-3550
Facsimile: (215) 557-3551

*Attorneys for the Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| *In re:* | : | Chapter 11 |
| | : | |
| **58 YORK PARTNERS, LLC** | : | |
| | : | |
| Debtor. | : | Bankruptcy No. 22-12907(AMC) |
| | : | |

**MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION TO MODIFY THE FIRST PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. §1127(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 3019, CONSIDER ALL PREVIOUSLY SUBMITTED BALLOTS AS ACCEPTING THE MODIFIED PLAN, AND TO PERMIT LATE BALLOTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)**

58 York Partners, LLC (the "Debtor"), by and through counsel, Ciardi Ciardi & Astin, hereby moves (the "Motion") this Honorable Court for the entry of an Order modifying the Debtor's First Plan of Reorganization pursuant to 11 U.S.C. §1127(a) and Federal Rule of Bankruptcy Procedure 3019, considering all previously submitted accepting ballots as accepting the First Modified Plan (the "First Modified Plan"), and permitting late ballots pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1).  In support thereof, the Debtor avers as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§157 and 1334. This matter concerns the administration of the bankruptcy estate and is, therefore, a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A) and (M). Venue of this case is proper in this Court pursuant to U.S.C. §§1408 and 1409. The predicate for the relief sought herein is 11 U.S.C. §1127(a) and Federal Rules of Bankruptcy Procedure 3019 and 9006(b)(1).

## BACKGROUND

2. On October 27, 2022, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its business as a Debtor-in-Possession.

3. The Debtor owns real property located at 58 York Road, Hatboro, Pennsylvania 19090 in Montgomery County.

4. On April 1, 2022, the Debtor filed its First Plan (the "Plan") and First Disclosure Statement (the "Disclosure Statement"). See Docket Numbers 45 and 46.

5. A hearing on the Disclosure Statement was held on April 27, 2022.

6. On or about May 2, 2022, an Order was entered approving the Disclosure Statement and setting a hearing for Confirmation on June 29, 2022. See Docket Number 55.

7. The Confirmation Hearing on the Plan was initially scheduled for June 29, 2022. The Confirmation Hearing was subsequently adjourned and is currently scheduled for July 20, 2022.

8. On July 14, 2022 (same date as this Motion), the Debtor filed the First Modified Plan (the "First Modified Plan"). A blackline version illustrating all changes from the last filed plan is attached hereto and incorporated herein as **Exhibit A**.

9. The Debtor seeks authority from this court to confirm its First Modified Plan, consider all previously submitted accepting ballots as accepting the First Modified Plan, and permit late ballots pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1).

10. The Debtor modified the plan in the following manner:

   a. The Debtor modified the treatment of Class 3 to provide for The Debtor proposes to pay the Class 3 Claim the amount of $1,466,000.00 on or before the Effective Date in full and final settlement of all monies due and owing. The payment of this amount shall satisfy the Class 3 Claim in full. Rich Ianieri, a private lender, will loan a total of $1,475,000.00 to the Debtor in exchange for a security interest in the Property.

   b. The Debtor modified the Priority Tax Claims and (Class 4 Claimant) to include the following: The Debtor proposes to pay the 2021 taxes (Local, County and School) owed to the Montgomery County Tax Claim Bureau in full upon the Effective Date.

   c. The Debtor also modified Section 6.1 (Plan Implementation), Section 6.9 (Plan Funding) and Section 6.10 (New Member Interests) to account for the loan to the Debtor from Rich Ianieri, the collateral provided to Rich Ianieri on account of that loan including, but not limited to, a mortgage on the Debtor's Property located at 58 York Road.

**THE BASIS FOR THE RELIEF REQUESTED AND THE REASONS THEREFOR**

11. Pursuant to 11 U.S.C. §1127(a), the Debtor seeks authority to modify the Plan before Confirmation.

12. Section 1127(a) provides, in pertinent part, as follows:

> [t]he proponent of a plan may modify such plan at any time before confirmation but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan.

11U.S.C. §1127(a).

13. Moreover, under section 1127(d) a holder can change its previous acceptance or rejection of the plan. See 11 U.S.C. § 1127(d).

14. The Debtor believes and therefore avers, that the modification requested does not adversely impact the treatment of claims in any of the classes that have accepted the Plan and that their acceptance need not be re-solicited. Thus, as required by Rule 3019, the proposed modification as set forth in this Motion does not adversely change the treatment to the class of any claim of any creditor who has not accepted the modification.

15. All of the foregoing modifications do not adversely affect the class of the respective creditors, the Debtor's reorganization or any other class.

16. The First Modified Plan complies with 11 U.S.C. §§ 1122 and 1123.

17. The Debtor received one ballot in Class 5 (Upper Moreland Sewer) accepting the Plan (the "Initial Class 5 Accepting Ballots"). Contingent upon this Court's approval of the First Modified Plan, the Debtor requests the Initial Class 5 Accepting Ballots count as acceptances of the First Modified Plan.

18. Finally, Debtor requests this Court permit the Debtor to re-solicit Ballots to the remaining creditors. The Debtor received three (3) objections to the Plan. The Debtor has altered its payment of Class 3 Secured Claim of Berkshire Bank so that they are paid a lump sum at the Effective Date. Two (2) of the Objections were based primarily on feasibility of the Debtor's Plan and the Debtor's ability to make plan payments over a five (5) year time period. The Debtor has sought to resolve that by re-financing the Property and paying Berkshire a lump sum on the Effective Date. Moreover, the Debtor received an objection from Class 4 Claim of the Montgomery County Tax Bureau regarding unpaid 2021 taxes that became due post-petition. The Debtor has modified the plan to include this amount as an Administrative Claim that will be paid in full on the Effective Date.

19. The relief requested herein will not adversely affect any of the Debtor's creditors and will allow the Debtor to resolve the outstanding objections.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order: (i) approving its First Modified Plan, considering the Initial Ballots as accepting the First Modified Plan, (ii) permitting late ballots and (iii) granting such other and further relief that this Court deems just and proper under the circumstances.

                                                  Respectfully submitted,

Dated: July 15, 2022                    CIARDI CIARDI & ASTIN

                                                  */s/ Daniel S. Siedman*
                                                  Albert A. Ciardi, III, Esquire
                                                  Daniel S. Siedman, Esquire
                                                  1905 Spruce Street
                                                  Philadelphia, PA 19103
                                                  (T) (215) 557-3550
                                                  (F) (215) 557-3551

                                                  Attorneys for the Debtor and
                                                  Debtor-in-Possession